UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 03-20025
                                            Honorable David M. Lawson

CHRISTOPHER PERRY,

        Defendant.

_____/

## ORDER GRANTING MOTION TO VACATE JUDGMENT
## AND DENYING MOTION TO REINSTATE APPEAL

On May 3, 2004, a jury found the defendant, Christopher Perry, guilty of ten counts of drug and weapons charges. On December 20, 2004, the defendant was sentenced to 262 months imprisonment for the guns and weapons charges and an additional 60 months pursuant to 18 U.S.C. 924(c)(1)(A), to be followed by five years of supervised release. The defendant appealed his conviction and then moved to remand for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The court of appeals granted the defendant's motion to remand on April 26, 2005, but it did not rule on the defendant's other issues and did not state that it retained jurisdiction. This Court believes the court of appeals did not retain jurisdiction since it did not explicitly state its intention to do so.

On June 13, 2006, the defendant was re-sentenced to 235 months imprisonment for the drug and some of the weapons charges, plus 60 months pursuant to 18 U.S.C. 924(c)(1)(A), to be followed by five years of supervised release. After resentencing, the defendant intended to appeal his conviction and apparently discussed the appeal with his attorney. The defendant's attorney, Robert J. Dunn, represents to the Court that his records indicate that a Notice of Appeal was filed with the district court clerk's office on June 15, 2005. He ordered transcripts and prepared for the

appeal; at some point, however, Attorney Dunn realized that his Notice of Appeal did not appear on the docket sheet. In fact, the docket sheet stated that the case was closed. Attorney Dunn contacted the district court clerk's office, but a search of the records did not turn up the Notice of Appeal. He also made inquiries of the clerk of the court of appeals. It appears that Attorney Dunn failed to file the Notice of Appeal, and the Court so finds.

Attorney Dunn proceeded to file a motion to reinstate the defendant's appeal and an amended motion to reinstate the appeal or vacate the judgment based on his own ineffective assistance. *See* 28 U.S.C. § 2255. A hearing was held on the motions on February 28, 2006. The Court determines that the defendant has met both prongs of *Strickland v. Washington*, 466 U.S. 668, 688 (1984), which requires a defendant to show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance. A defense attorney's failure to appeal a judgment upon the request of a defendant is a *per se* violation of the Sixth Amendment right to counsel, regardless of whether the appeal would have been successful. *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998).

On the record at the hearing, the Court denied the defendant's motion to reinstate his appeal and granted the motion to vacate the judgment under section 2255. The Court proceeded to reinstate the judgment, presuming that doing so would restart the defendant's appeal time. After the hearing, however, the Court discovered *Borch v. United States*, 977 F.2d 580 (table), 1992 WL 276721 (6th Cir. 1992). In *Borch*, the Sixth Circuit held that a district court may not use section 2255 to "allow an out-of-time filing of a renewed appeal of the movant's conviction, nor vacate and reimpose its judgment of conviction in order to recommence the time for appeal." *Borch*, 1992 WL 276721, at *3. This case makes plain that the Court is not permitted to reinstate the defendant's judgment

solely to restart the appeal clock.  Instead, the Court is required to grant the motion to vacate and recommend that the court of appeals reinstate the defendant's appeal upon motion by the defendant. *See Borch*, 1992 WL 276721, at *3.  The Court believes the defendant's appeal should be reinstated, and the court of appeals is so advised.

Accordingly, it is **ORDERED** that the defendant's motion to reinstate his appeal [dkt # 115] is **DENIED** for the reasons stated on the record.

It is further **ORDERED** that the defendant's motion to vacate judgment [dkt # 118] is **GRANTED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 2, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS